*Northern District*
A.D. No. 5871
**MARTIN L. HALL COMPANY**
v.
**DOUGLAS TAYLOR**
June 10, 1964

*Present*: Eno, J. (Presiding), Connolly & Parker, JJ.

Case tried to *Clark, J.* In the First District Court of Southern Middlesex. No. 9427 of 1962.

*Eno, J.* By this action of contract the plaintiff seeks to recover from the defendant the sum of $365.26 as the balance due for *merchandise sold and delivered* to the defendant according to an account annexed.

While the defendant filed an answer consisting of a general denial, a plea of payment and a claim that "the merchandise delivered to him by the plaintiff was of poor, unacceptable, and unmerchantable quality", he failed to introduce any evidence tending to prove any of these special defences, or did he file any requests for rulings.

The only issue raised by this report is on the admission of two ledger cards by the trial

judge, showing the amount of $365.26 due by the plaintiff.

The trial judge asked the defendant's counsel upon what grounds he objected to their admission, and he replied: "I do not understand what it means".

■■ Just because a counsel does not understand the evidence is no ground for its rejection.

There was ample evidence introduced by the plaintiff, and the trial judge found that these ledger cards showed "the total charge for each delivery and credits for each payment was kept in the usual course of business in orderly fashion and" they showed "the correct balance owed by the defendant".

There was also introduced in evidence plaintiff's interrogatories to the defendant numbered 1 and 2 and the defendant's answers thereto, which showed that the defendant was the operator of Happy's Diner at the time the said merchandise was allegedly sold and delivered to him. There was also further evidence from a salesman of the plaintiff that "he secured the account in dispute, made deliveries of the coffee sold the defendant, and made collections; that he took receipts for each delivery on the sales memoranda and had them in court; that he had no complaints as to quality of coffee sold or as to charges therefor; that at one time he was instructed to get payment on delivery and $5.00 on account of the balance due on prior sales; that deliveries were made there-

after on that basis; and that $460.26 was the balance due on the earlier account when this arrangement was put into effect."

We believe that this appeal borders on the frivolous having been entered in court about two years ago, and according to the docket entries, many dilatory actions were taken by the defendant since that time in an apparent effort to postpone the payment of this claim.

We find no error in the admission of these two ledger cards into evidence and the report is to be dismissed.

Wasserman & Salter, of Boston, for the Plaintiff.

Edward R. Lembo, of Framingham, for the Defendant filed a brief.